UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10359-DPW |
| ) | |
| DENNIS TAYLOR, ) | |
|     Defendant ) | |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Dennis Taylor ("Taylor") submits this memorandum in support of his sentencing recommendation that the court impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]...." 18 U.S.C. §3553.

Prior Proceedings

On December 8, 2004, a Federal Grand Jury sitting in Boston returned an indictment charging Taylor with bank robbery pursuant to 18 U.S.C. §2113(a). After an initial appearance before Magistrate Judith Dein on December 16, 2004, Taylor was temporarily detained. On December 20, 2004, Taylor consented to an order of detention, with a request that the U.S. Marshal's Office "look into" the issue of medication at the detention facility.

On June 10, 2005, Taylor appeared before the court to change his plea to guilty on the charge of bank robbery. The court accepted the plea and continued the case for sentencing on September 20, 2005. The case was further continued to November 8, 2005 and then to January 24, 2006.

Argument

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]", as outlined in 18 U.S.C. §3553.

The statute provides as follows: "[I]n determining the particular sentence to be imposed, [the court] shall consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;

4. the kinds of sentences and the sentencing range established for (A) the applicable category of offense by the applicable category of defendant as set forth in [the Sentencing Guidelines]....;

5. any pertinent policy statement issued by the Sentencing Commission....;

6. the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense". Id.

Following the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the Sentencing Guidelines are merely advisory, and may be considered, along with other sentencing factors enumerated in 18 U.S.C. §3553, in the context of the overriding principle that a sentence should be "sufficient, but not greater than necessary" to fulfill the "need for the sentence imposed".

*Nature And Circumstances Of The Offense*

The Defendant Taylor has pled guilty to bank robbery under 18 U.S.C. §2113(a). On October 4, 2004, Taylor entered the Citizens Bank on Franklin Street, Boston, approached the teller and announced that he was robbing the bank. He demanded money, which the teller provided. Taylor then fled to the area of Broad Street where he was apprehended and detained

2

by two citizens. Police officers subsequently arrived and arrested Taylor. There was no weapon, nor did the robbery itself involve the use of force or violence.

At the time of the offense, Taylor was heavily addicted to crack cocaine. The robbery was the culmination of a five month downward spiral involving addictive behavior and failed treatment. After release from prison in May, 2004, Taylor was admitted to the Andrew House, the Shattuck Stabilization Program, Hope House, the Center for Addictive Behavior (CAB) and Answer House. Taylor was told he couldn't stay at CAB because he was "only" addicted to cocaine; the Answer House terminated him because he was taking medication, i.e., Ritalin.

While Probation's Sentencing Report refers to alleged injuries suffered by the citizens who apprehended Taylor, the Government's "Statement of Relevant Facts" does not include any such reference.

### *History And Characteristics Of Defendant*

Taylor's personal and family data have been set forth extensively in the Presentence Report (PSR). The information provided by Probation should be supplemented to include records from the Department of Social Services in Massachusetts (DSS) which further document what DSS records describe as "horrific" and "devastating" and "extraordinary" physical and emotional abuse suffered by Taylor from the age of three to nine (PSR para. 66).[1] In addition, Dr. Kelly has prepared a "Presentencing Evaluation" to be submitted under seal.

For purposes of sentencing, what is particularly significant about Taylor's background is the extraordinary abuse suffered during early childhood, and his severe addiction to crack cocaine. He was placed in foster care at 9 months and adopted at the age of 3. Over the course of the next four years, he was subjected to beatings, starvation, and ritualized abuse at the hands

---

[1] These records will be submitted to the Court under seal.

of his first adoptive parents.  The adoptive parents would punish Taylor by having him keep his hands over his head and by beating him with a belt buckle if he dropped his hands.  His adoptive parents would withhold food for four or five days and force him to drink water.  At the age of 7 or 8, he witnessed his adoptive brother's death. He attempted to free his brother from ropes the parents had bound around him.  Taylor recalls seeing his brother removed from the house in a body bag.  As a result of the brother's death, DSS initiated an investigation, filed a Care and Protection petition, and had Taylor removed from the home.

There is documented in DSS records a diagnosis of Post Traumatic Stress Disorder (PTSD) as a result of Taylor's childhood abuse.

The Presentencing Evaluation further documents Taylor's tragic childhood.

*Sentencing Guidelines*

The Defendant Taylor may be sentenced to any term of imprisonment up to a maximum of twenty years 18 U.S.C. §3559(a). He may also be sentenced to probation.  18 U.S.C. §3561(a).

*Advisory Guidelines*

The Defendant Taylor submits that the advisory guideline sentence, without a departure, is 57-71 months.  Taylor disagrees with Probation [PSR, para. (24)] that there should be a two level enhancement pursuant to §2B3.1(b)(3).  The alleged "injury" was not sustained in connection with the robbery (no temporal or physical nexus), nor is there a basis to establish "injury".  The Defendant never pleaded guilty to an assault, it was not included in the "Notice of Additional Factors" appended to the indictment and the Government did not include reference to the assault in its "Statement Of Relevant Facts".  In fact, the Government, in its submission to Probation agreed with Defendant that the Total Offense Level is 19.

The Sentencing Guidelines provide for downward departures where "there exists...[a] mitigating circumstance...of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. §3553(a)(2), should result in a sentence different from that described". U.S. Sentencing Guidelines §5K2.0 (Policy Statement). In this case, the abuse suffered by Taylor was so "extraordinary" that it "can be assumed to [have] cause[d] mental or emotional pathology". U.S. v. Rivera, 192 F. 3d 81, 86 (2nd Cir. 1999). A downward departure is warranted for such extraordinary childhood abuse which, as documented by Dr. Kelly, is a substantial contributing factor to Defendant's criminal conduct. See, e.g., U.S. v. Ramirez, 2000 U.S. Dist. LEXIS 7518 (S.D.N.Y. 2000); U.S. v. Ayers, 971 F. Supp. 1197 (N.D. Ill. 1997).

### *Policy Statements Of Sentencing Commission*

The relevant policy statements of the Guidelines concerning departures are set forth in U.S.S.G. §5K2.0 (Grounds for Departure).

### *Unwarranted Sentencing Disparities*

Any disparity that may exist between the sentence recommended by Defendant and other defendants previously give a "guideline sentence" would be warranted for the reasons expressed herein. Moreover, any comparison between sentences imposed in a mandatory guideline regime and sentences imposed in the post-Booker era would not be meaningful.

### *Restitution*

There is no restitution issue in this case.

### Conclusion

In consideration of the applicable mandatory sentencing factors – i.e., the nature and circumstances of the offense, history and characteristics of the Defendant, the purposes of

sentencing, the advisory guidelines (with appropriate departures) and policy statements – a sentence below the advisory guidelines range is appropriate in this case. Such a sentence would be "sufficient but not greater than necessary" to fulfill the sentencing goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and taking into account the medical and psychological needs of Defendant.

DEFENDANT
By his attorney

/s/John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617)723-7010
BBO# 387980

Dated: January 20, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on January 20, 2006.

/s/John F. Palmer